1  SEYFARTH SHAW LLP
   F. Scott Page (SBN 108515)
2  E-mail:  spage@seyfarth.com
   Christopher A. Crosman (SBN 190336)
3  E-mail:  ccrosman@seyfarth.com
   2029 Century Park East, Suite 3500
4  Los Angeles, California 90067-3021
   Telephone:   (310) 277-7200
5  Facsimile:   (310) 201-5219

6  Attorneys for Plaintiffs
   THE UFCW - NORTHERN CALIFORNIA
7  EMPLOYERS JOINT PENSION TRUST
   FUND AND THE  BOARD OF TRUSTEES
8  OF THE UFCW-NORTHERN CALIFORNIA
   EMPLOYERS JOINT PENSION TRUST
9  FUND

10

11

12              **UNITED STATES DISTRICT COURT**

13         **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

14

15  THE UFCW - NORTHERN                    Case No.
    CALIFORNIA EMPLOYERS JOINT
16  PENSION TRUST FUND AND THE
    BOARD OF TRUSTEES OF THE               **COMPLAINT TO ENFORCE**
17  UFCW-NORTHERN CALIFORNIA               **ARBITRATION AWARD**
    EMPLOYERS JOINT PENSION TRUST
18  FUND,

19                Plaintiffs,

20

21          v.

22
    CALIFORNIA SPRAY DRY
23  COMPANY, LLC, and DOES 1 through
    10,
24

25                Defendants.

26

27

28

                              1

1   Plaintiffs, The UFCW - Northern California Employers Joint Pension

2   Trust Fund (the "Fund") and The Board of Trustees of The UFCW - Northern

3   California Employers Joint Pension Trust Fund (the "Board of Trustees"), in its

4   capacity as fiduciary of the Fund, for a cause of action against Defendant

5   California Spray Dry Company, LLC ("Spray Dry"), and DOES 1 through 10,

6   allege as follows:

7   ## JURISDICTION AND VENUE

8   1.   This is an action to enforce an arbitration award for withdrawal

9   liability issued under the Employee Retirement Income Security Act of 1974

10   ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of

11   1980 ("MPPAA"), 29 U.S.C. Section 1381 *et seq*.

12   2.   This Court has jurisdiction over this action pursuant to ERISA, 29

13   U.S.C. Section 1401(b)(2), Section 1451(c), and 28 U.S.C. § 1331.

14   3.   Venue lies in this Court under ERISA, 29 U.S.C. Section 1451(d)

15   and 28 U.S.C. § 1391, in that the Board of Trustees administers the Fund at its

16   principal place of business in Concord, California, within this district, and the

17   arbitration proceedings precedent to this action took place in San Francisco,

18   California, within this district.

19   4.   Pursuant to Section 4301(g) of ERISA (29 U.S.C. § 1451(3)), on

20   June 14, 2017 the Plaintiffs served the Pension Benefit Guaranty Corporation

21   with a copy of this Complaint by certified mail addressed as follows: Chief

22   Counsel, Office of the Chief Counsel, Pension Benefit Guaranty Corporation,

23   1200 K Street, NW, Washington, DC 20005-4026.

24   ## THE PARTIES

25   5.   Plaintiff Board of Trustees is a fiduciary of the Fund  within the

26   meaning of ERISA Section 3(2)(A) (29 U.S.C. § 1002(2)(A)) and administers

27   the Fund.  Plaintiff Fund is a Taft-Hartley multiemployer trust fund established

28   and maintained for the purpose of providing retirement benefits to eligible

COMPLAINT TO ENFORCE ARBITRATION AWARD
39412225v.1

1  participants and beneficiaries pursuant to Section 302(c)(5) of the Labor

2  Management Relations Act  (29 U.S.C. §186(c)(5)).   The Fund is also an

3  "employee benefit plan" within the meaning of Section 3(3) of ERISA (29 U.S.C.

4  § 1002(3)), and a "multiemployer plan" within the meaning of ERISA Section

5  3(37)(A) (29 U.S.C. § 1002(37)(A)).

6       6.     The Fund is established pursuant to collective bargaining

7  agreements ("CBAs") between various employers in the Northern California

8  food industry and various locals of the United Food and Commercial Workers

9  Union (the "Union").   Retirement benefits are paid to eligible members of the

10 Union pursuant to the terms of the UFCW-Northern California Joint Employers

11 Pension Plan (the "Pension Plan").   The Pension Plan is also administered by the

12 Board of Trustees.

13      7.     Spray Dry is a limited liability company organized under the laws of

14 the state of Delaware, with its principal place of business in Stockton, California.

15 Spray Dry was previously an employer participating in the Fund.

16      8.     Defendants DOES 1 through 10 are entities and/or persons that are

17 within the same control group as Spray Dry under ERISA Section 4001(b)(1) (29

18 U.S.C. § 1301(b)(1)) and 26 C.F.R Section 1.414(c)-2.  The Plaintiffs do not

19 presently know the identities of such entities or  persons.  The Plaintiffs are using

20 fictitious names for these defendants because the Plaintiffs are unable to

21 ascertain their identities at this time.  The Plaintiffs will seek leave to amend this

22 complaint to add the true names of the fictitious defendants once their identities

23 are discovered.

24      9.     Under ERISA Section 4001(b)(1) (29 U.S.C. § 1301(b)), all

25 members of defendant Spray Dry's control group are treated as a single employer

26 for all purposes under Title IV of ERISA.  As such, Spray Dry and all members

27 of its control group, whether currently identified or not, are jointly and severally

28

3

COMPLAINT TO ENFORCE ARBITRATION AWARD

39412225v.1

1   liable for withdrawal liability assessed to Spray Dry by the Fund, as well as

2   interest and attorney fees and liquidated damages.

3        10.    Defendants Spray Dry and DOES 1 through 10 are herein jointly

4   referred to as ("Defendants").

5                          **CLAIM FOR RELIEF**

6        11.    Spray Dry was a participating employer with a CBA requiring

7   contributions to the Fund.  Participating employers are required to make

8   contributions to the Fund on behalf of their employees pursuant to their CBAs, in

9   accordance with the terms of the Plan's Restated Amended Declaration of Trust

10  for the Establishment of the UFCW-Northern California Employers Joint

11  Pension Trust Fund (the "Trust Agreement").

12       12.    According to the Fund's records, Spray Dry permanently ceased its

13  obligation to contribute to the Fund in 2014 and, as a result, experienced a

14  complete withdrawal from the Fund within the meaning of ERISA Section

15  4203(a) (29 U.S.C. § 1383), thereby requiring Spray Dry to pay withdrawal

16  liability to the Fund.  (ERISA § 4202; 29 U.S.C. § 1382).

17       13.    On December 3, 2015, the Fund sent a demand letter to Spray Dry,

18  notifying it that it owed withdrawal liability to the Fund in the amount of

19  $315,131.00, payable in a lump sum, or in monthly payments of $5,680.00 for 64

20  months, and a payment of $4,105 on the 65th month, commencing February 1,

21  2016 (the "Assessment").

22       14.    On March 2, 2016, Spray Dry, through its counsel, requested a

23  review of the assessment pursuant to ERISA Section 4219(b)(2) (29 U.S.C. §

24  1399(b)(2)).  The letter stated, among other things, that Spray Dry was no longer

25  in operation and did not have any assets, and that its withdrawal liability should

26  be recalculated in accordance with ERISA Section 4225 (29 U.S.C. § 1405).  No

27  documentation was provided in support of these statements.

28

COMPLAINT TO ENFORCE ARBITRATION AWARD
39412225v.1

1    15.    In accordance with the statutory requirements and timing, the Fund,

2  through its counsel, responded to Spray Dry's request for review on March 11,

3  2016 (the "March 11 Letter").   With respect to recalculation, the March 11

4  Letter noted that ERISA Section 4225(b) applies only where an employer is both

5  insolvent and undergoing liquidation or dissolution.  The March 11 Letter

6  requested that Spray Dry provide evidence that it was being liquidated or

7  dissolved (such as evidence of a Chapter 7 or Chapter 11 proceeding under the

8  Bankruptcy Code), as well as proof of insolvency, to support the contention that

9  the withdrawal liability should be recalculated under ERISA Section 4225(b).

10    16.    Spray Dry did not provide the requested evidence to the Fund to

11  support its position that it was insolvent and undergoing liquidation or

12  dissolution.  Instead, on May 10, 2016, Spray Dry initiated arbitration

13  proceedings pursuant to ERISA Section 4221(a) (29 U.S.C. § 1401(a)).

14    17.    After the parties had submitted thorough briefing, a telephonic

15  arbitration hearing was conducted before arbitrator Sanford Jay Rosen on

16  January 18, 2017.   On February 15, 2017, the Arbitrator issued an interim award,

17  which provided that the Arbitrator would retain jurisdiction until May 16, 2017,

18  in the event the parties needed clarification of the award or requested other action

19  concerning the award.  On May 16, 2017, the award became final ("Final

20  Award").

21    18.    In the Final Award, the Arbitrator ruled in favor of the Fund.  The

22  Arbitrator ruled that Spray Dry had not submitted any evidence that it was an

23  "insolvent employer undergoing liquidation or dissolution" within the meaning

24  of ERISA Section 4225 (29 U.S.C. § 1405), and thus was not eligible to have its

25  withdrawal liability recalculated pursuant to that Section.  The Arbitrator

26  therefore held that Spray Dry was required to pay its withdrawal liability of

27  $315,131.00, in accordance with the Assessment.

28

COMPLAINT TO ENFORCE ARBITRATION AWARD

39412225v.1

1    19.    The MPPAA provides that "[u]pon completion of the arbitration

2    proceedings in favor of one of the parties, any party thereto may bring an action,

3    no later than 30 days after the issuance of an arbitrator's award, in an appropriate

4    United States district court in accordance with section 1451 of this title to

5    enforce, vacate, or modify the arbitrator's award."  29 U.S.C. § 1401(b)(2).

6    20.    This complaint is timely pursuant to 29 U.S.C. Section 1401(b)(2),

7    as it was commenced upon completion of the arbitration proceedings and within

8    30 days of the effective date of the Final Award that the Plaintiffs hereby petition

9    this Court to enforce.

10    21.    ERISA Section 4301(b) (29 U.S.C. § 1451(b)) provides that an

11    action involving an employer's failure to make timely withdrawal liability

12    payments shall be treated in the same manner as a delinquent contribution within

13    the meaning of ERISA Section 515 (29 U.S.C. § 1145).  Thus, Defendants are

14    also liable for liquidated damages and costs, including reasonable attorney's fees,

15    pursuant to ERISA Sections 4301(b) and 502(g)(2) (29 U.S.C. §§ 1301(b) and

16    1132(g)(2)).

17    **WHEREFORE**, the Plaintiffs request a judgment against Defendants and

18    in favor of the Plaintiffs as follows:

19    (i) enforcing the Arbitrator's Final Award confirming that

20    Defendants are required to pay the Fund withdrawal liability in the amount of

21    $315,131.00, plus interest thereon pursuant to ERISA Section 502(g)(2)(b) (29

22    U.S.C. §1132(g)(2)(b));

23    (ii) awarding the Plaintiffs their attorney's fees and costs pursuant to

24    ERISA Sections 4301(b) and 502(g)(2) (29 U.S.C. §§ 1451(e) and 1132(g)(2));

25    (iii) awarding the Plaintiffs the greater of either accrued interest on

26    the withdrawal liability or liquidated damages of twenty percent (20%) of the

27    withdrawal liability due at the time of judgment, pursuant to ERISA section

28    502(g)(2)(C) (29 U.S.C. §1132(g)(2)(c)); and

6

39412225v.1

1                        (iv) such other relief as is just and proper.

2

3    DATED: June 14, 2017                Respectfully submitted,

4                                            SEYFARTH SHAW LLP

5

6                                        By:  */s/ F. Scott Page*

7                                            F. Scott Page
                                      Christopher A. Crosman

8                          Attorneys for Plaintiffs
                      UFCW - Northern California Employers Joint

9                          Pension Trust Fund, and Board of Trustees of
                      the UFCW - Northern California Employers
                      Joint Pension Trust Fund

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7

COMPLAINT TO ENFORCE ARBITRATION AWARD

39412225v.1